## A. D. WALKER *et al.* V. Z. F. DOUGLAS.

FINDING — *When Reviewing Court Will Not Weigh Evidence.* In an action of ejectment, brought by a tax-title holder against the original owner, the tax deed was based on a sale in 1877, for the taxes of 1876. The trial court found that the taxes of 1876 were paid by the defendant to the treasurer of the county before the tax deed was executed. There being some evidence to support such finding, this court will not weigh the evidence on that question, nor reverse the case, because the weight of the evidence might show that there was no such payment.

Walker v. Douglas.

*Error from Jackson District Court.*

THE opinion states the case.

*James H. Lowell,* for plaintiffs in error. ·

*W. S. Hoaglin,* for defendant in error.

Opinion by SIMPSON, C. : The plaintiffs in error commenced an action in ejectment against the defendant in error in the Jackson county district court, on the 16th day of January, 1884, to recover possession of the southwest quarter of the southwest quarter of the southwest quarter of section number five, in township number six, of range number fourteen, containing ten acres of land in said county, and for rents and profits. The plaintiffs claim under a tax deed for the taxes of 1876, based on a sale in 1877, the deed including the subsequent taxes of 1877 and 1878, and dated January 12, 1883. The defendant in error relies on a payment of the taxes. At the March term, 1886, the case was tried by the court without a jury, with special findings and a judgment for the defendant in error.

It might be said inferentially, that the record contains all the evidence that was offered by either side at the trial, but there is no positive statement that it does, and the utmost liberality must be indulged in to arrive at such a conclusion. The trial court finds expressly "that the taxes for the year 1876 were paid by the defendant to the treasurer of Jackson county before the deed above described was executed." There is certainly some evidence supporting this finding; and under our rule it cannot be disturbed, even if we should feel inclined to take a different view, had it been our province to determine this question of fact. The operation of this rule necessarily compels us to recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.